```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

SONJA CAFFEY (AIS #250076)        :

    Plaintiff,                    :

vs.                               :   CIVIL ACTION 12-00400-WS-M

MOBILE POLICE DEPARTMENT,         :

    Defendant.                    :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint in this Court under 42 U.S.C. § 1983. (Docs. 1, 3). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that Plaintiff's action against the Mobile Police Department be dismissed, without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. It is further recommended that Plaintiff's action against Officer Chris Wilkerson be dismissed, without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, unless Plaintiff submits an amended complaint as to Defendant Wilkerson that corrects the deficiencies

1

set forth herein within the time provided to file objections to this report and recommendation.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing her complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist.[1] Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

---

1 The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id.

662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (second brackets in original).  The court will treat these factual allegations as true.  Iqbal, 556 U.S. at 678.  However, the court will not accept as true "[c]onclusory allegations, unwarranted deductions of facts[,] legal conclusions masquerading as facts," Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004), or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  Iqbal, 556 U.S. at 678.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court, does not have "license ... to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).  Further, a *pro se* litigant "is subject to the

3

relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

Plaintiff is currently incarcerated at the Alabama Therapeutic Education Facility in Columbiana, Alabama. (Doc. 3 at 1, 11). On June 15, 2012, Plaintiff filed a complaint in this Court under 42 U.S.C. § 1983. (Doc. 1). On June 18, 2012, the Court ordered Plaintiff to re-file her complaint on this Court's form, which she did on July 2, 2012. (Doc. 3). Although Plaintiff amended her complaint as instructed, her allegations are extremely sparse.

In the amended complaint, Plaintiff alleges that, on December 22, 2010, she suffered a broken bone in her face as a result of excessive force and "police brutality" related to her arrest by officers with the Mobile Police Department. (Id. at 4-5). Although Plaintiff names two defendants in her action, the Mobile Police Department and Officer Chris Wilkerson, she offers no supporting factual allegations against either of these defendants related to her excessive force claim. (Id.). Rather, Plaintiff attaches to her amended complaint a news article published two days after her arrest describing a high speed chase and altercation between a woman named Sonja Lambert (ostensibly Plaintiff, Sonja Caffey) and unnamed Mobile police officers. (Id. at 8).

The attached news article, dated December 24, 2010, reported

that a suspect, Sonja Lambert, stated that she was "hit by a Mobile Police Officer after a chase." (Id.). According to the article, Sonja Lambert was behind the wheel of a vehicle which skidded sideways into a homeowner's yard and barely missed hitting the homeowner's five children. (Id.). Sonja Lambert's boyfriend, Jerry Mosley, was interviewed and stated that it all began in Mobile, Alabama, when "the police stopped us [and] asked us for our ID." (Id.). Mr. Mosley stated that Ms. Lambert did not have her ID and "didn't want to give up any information." (Id.). According to Mr. Mosley, the officer tried to put handcuffs on Ms. Lambert but "that wouldn't work. He couldn't do it by himself." (Id.). The officer "tazed" Ms. Lambert, but "she got up some kind of way [and] jumped in the truck and took off with it." (Id.).

The homeowner stated that a police officer told her that, while Ms. Lambert was being pulled over, she punched one of the officers in the face "and that's when the high speed chase began." (Id.). After Ms. Lambert's truck stopped in the homeowner's yard, Ms. Lambert ran, but the police caught her near the woods. (Id.).

Mr. Mosley was quoted as saying: "[s]he always tries to put up a fight when she doesn't want to go with a police." (Id.). Mr. Mosley stated that he knew that Ms. Lambert "wasn't going down without some resistance." (Id.). However, he stated that Ms. Lambert was not bruised when she fled in the truck and that she claimed that she

5

"got stomped in the face." (Id. at 9).  Ms. Lambert also claimed that she was taken to the hospital for "busted bones." (Id.).

As discussed above, because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing her amended complaint under 28 U.S.C. § 1915(e)(2)(B).  Having screened Plaintiff's action against the Mobile Police Department and Officer Wilkerson, the Court finds that it is due to be dismissed for the following reasons.

First, with respect to Plaintiff's claim against the Mobile Police Department, the law is well settled in this circuit that city police departments are not legal entities, and, therefore, are not subject to suit or liability under § 1983.  See Nettles v. Pensacola Police Dep't, 423 Fed. Appx. 853, 854 n.1 (11th Cir. 2011) (unpublished)[2] ("the Pensacola Police Department was not a legal entity capable of being sued.") (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("police departments are not usually considered legal entities subject to suit."); Freeman v. Holifield, 2012 WL 2036360, *2 (N.D. Ala. 2012) ("In this Circuit, the law is well established that sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983.").  Accordingly, the Court concludes that Plaintiff's claims against the

---

[2] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."  Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

Mobile Police Department should be dismissed.

Second, with respect to Plaintiff's claim against Officer Wilkerson, the following remarks comprise the sum total of Plaintiff's allegations against this Defendant in her amended complaint:

> Police brutality, excessive force, which cause (sic) broken bone in face.  Went to the hospital, Dr. indicated a broken bone in my face.  December 22, 2010, located in Mobile in resident yard.

(Doc. 3 at 5).

Although the attached news article states that Plaintiff claimed that she "got stomped in the face" by a Mobile police officer during the events leading up to her arrest, she does not allege in the amended complaint, nor in the attached article, that the officer in question was Officer Wilkerson.  Indeed, no where in the amended complaint does Plaintiff allege any facts from which the Court could reasonably infer that Officer Wilkerson had any personal involvement in her arrest or the alleged use of excessive force.  To the contrary, in her original complaint filed on June 15, 2012, Plaintiff named Officer Wilkerson as a defendant, again without alleging any personal involvement by him in the circumstances surrounding her arrest, and stated, "I was stomped in the face by an (*unknown*) Mobile Police Office[r]. . . ."  (Doc. 1 at 2) (parenthesis in original, emphasis added).

Thus, while it is true that the "liberal pleading requirements" of Federal Rule of Civil Procedure 8(a) only require a 'short and plain' statement of the claim, a plaintiff must 'offer more detail ... than the bald statement that [she] has a valid claim of some type against the defendant.'" Baccus v. Byars, 2011 WL 4368835, *5 (D.S.C. 2011) (unpublished) (citations omitted), *report and recommendation adopted by,* 2011 WL 4368726 (D.S.C. 2011), *affirmed by,* 464 Fed. Appx. 142 (4th Cir. 2012) (unpublished).  Plaintiff must allege sufficient facts that, if "accepted as true[,] 'state a claim to relief that is plausible on its face'" and allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

Given the complete absence of substantive allegations of wrongdoing against Officer Wilkerson, there is nothing from which the Court can liberally construe a viable cause of action. Plaintiff's blanket assertion in her amended complaint that she is entitled to relief from Officer Wilkerson is insufficient to state a plausible § 1983 claim.

Therefore, for the reasons set forth above, the Court finds that Plaintiff's claim against the Mobile Police Department is subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and that Plaintiff's claim against Defendant, Officer Wilkerson, fails to state a claim upon which

relief may be granted and, thus, is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In this circumstance, however, the Court finds it appropriate to permit the Plaintiff to file a second amended complaint setting forth "factual content that allows the court to draw the reasonable inference that the defendant [Officer Wilkerson] is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's action (Doc. 3) be dismissed without prejudice as to Defendant, Mobile Police Department, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  It is further recommended that Plaintiff's action against Officer Chris Wilkerson be dismissed, without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, <u>unless Plaintiff submits an amended complaint as to Defendant Wilkerson that corrects the deficiencies set forth herein within the time provided to file objections to this report and recommendation</u>.  If Plaintiff fails to file an amended complaint as directed, within the time provided to file objections to this report and recommendation, her claim against Officer Wilkerson will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), for failure to state a claim upon which relief

may be granted.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" <u>Fed. R. Civ. P.</u> 72(b)(2).

Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded).**

Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        DONE this 6th day of August, 2012.


                                s/BERT W. MILLING, JR._____
                                UNITED STATES MAGISTRATE JUDGE