IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SONJA CAFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0400-WS-M |
| | ) |
| MOBILE POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Magistrate Judge's report and recommendation ("R&R") that the action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). (Doc. 7). The plaintiff has filed a response to the R&R. (Doc. 15).

The amended complaint names as defendants the Mobile Police Department ("MPD") and Chris Wilkerson and alleges an episode of police brutality/excessive force in connection with a well-publicized incident occurring on December 22, 2010. The R&R recommends that the action as to MPD be dismissed as frivolous because "it is well settled in this circuit that city police departments are not legal entities, and, therefore, are not subject to suit or liability under § 1983." (Doc. 7 at 6). The R&R recommends that the action as to Wilkerson be dismissed for failure to state a claim because "no where in the amended complaint does Plaintiff allege any facts from which the Court could reasonably infer that Officer Wilkerson had any personal involvement in her arrest or the alleged use of excessive force." (*Id*. at 7).

"[P]olice departments are not usually considered legal entities subject to suit, [citations omitted], but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (quoting Fed. R. Civ. P. 17(b)). *Dean* does not hold that an Alabama police department is not a legal entity capable of being sued, and it could not have so held, because *Dean* involved a sheriff's department, not a police department. Moreover, *Dean*

states only what it understood as the general rule, while expressly noting that the suability of an Alabama police department must be determined by Alabama law.

The R&R relies on *Dean* but, as noted, *Dean* does not foreclose the suability of the Mobile Police Department.  The R&R also relies on *Nettles v. Pensacola Police Department*, 423 Fed. Appx. 853 (11th Cir. 2011), but that case merely observed that "[t]he district court liberally construed the defendant as the City of Pensacola because the Pensacola Police Department was not a legal entity capable of being sued." *Id*. at 854 n.1.  The *Nettles* Court did not involve an Alabama police department, did not make any ruling as to suability, and cited only *Dean*.  *Id*.  Finally, the R&R relies on *Freeman v. Holifield*, 2012 WL 2036360 (N.D. Ala. 2012), which stated that, "[i]n this Circuit, the law is well established that sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983." *Id*. at *2.  *Freeman* relied only on *Dean* for this proposition and, as discussed above, *Dean* does not foreclose suit against an Alabama police department.

The Court addressed this issue in *Williams v. Marengo County Sheriff's Department*, 2007 WL 521009 (S.D. Ala. 2007), in which it denied a motion to dismiss because the police department defendants had not shown that Alabama law precludes such a claim and because the Court's own investigation of state law was inconclusive. *Id*. at *1.  Both *Williams* and *Nettles* indicate as well that a court may properly construe a suit against a municipal police department as a suit against the municipality.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." (Doc. 7 at 2 (internal quotes omitted)).  Given the residual uncertainty as to whether Alabama law permits a municipal police department to be sued and as to whether a suit against such a police department may or should be construed as one against the municipality, the Court concludes that the plaintiff's claim against the entity defendant has not been shown to be frivolous for purposes of Section 1915(e)(2)(B)(i).

The plaintiff's original complaint named as defendants MPD, Wilkerson, "Chief of Police ___ Levey (and others)." (Doc. 1 at 1).  The Magistrate Judge ordered the plaintiff to "complete and file this Court's form for a complaint under 42 U.S.C. § 1983."

2

(Doc. 2 at 1). The plaintiff therefore submitted a form "prisoner complaint [for inmate action] under 42 U.S.C. § 1983." (Doc. 3). Where the form asks the plaintiff to state the full name of the first defendant, the plaintiff wrote, "Chris Wilkerson." (Doc. 3 at 5). Immediately below, where the form asks the plaintiff to state her "[c]laim against this defendant," the plaintiff wrote, "[p]olice brutality, excessive force, which cause broken bone in face." (*Id.*). Where the form asks the plaintiff to state the full name of the second defendant, the plaintiff wrote, "Mobile Police Department." (*Id.*). It is thus clear that the amended complaint alleges that Chris Wilkerson used excessive force against her during the incident described in the amended complaint and attached documentation.

The R&R emphasizes that, in her original complaint, the plaintiff alleged that she "was stomped in the face by an (unknown) Mobile Police Office[r]." (Doc. 1 at 2). But "under the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case …." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (internal quotes omitted). Once the plaintiff filed her amended complaint, its adequacy was required to be tested by that document and not by some previous iteration. Indeed, the plaintiff was instructed that "[t]he new complaint will supersede the prior complaint. Thus, Plaintiff shall not rely upon her prior complaint." (Doc. 2 at 1).

At any rate, the original complaint, even if considered, does not prevent the amended complaint from stating a claim on which relief can be granted. In listing the defendants, the plaintiff identified them as "Chris Wilkerson [and] other assaliants [sic]." (Doc. 1 at 2). The original complaint thus specifically identified Wilkerson as participating in the excessive use of force.

To the uncertain extent the R&R suggests that recent Supreme Court decisions require the plaintiff to plead subsidiary facts indicating that Wilkerson truly was, as she alleges, involved in the conduct complained of, this Court has ruled that a plaintiff "need not support those [pleaded] facts with secondary facts, tertiary facts ad infinitum in order to satisfy Rule 8(a)(2)." *Howard v. Bayrock Mortgage Corp.*, 2010 WL 4628120 at *3 (S.D. Ala. 2010). The allegation that Wilkerson is the (or an) officer that used excessive

3

force against her is factual and, under *Howard*, the plaintiff need not plead secondary facts showing that Wilkerson was in fact an assailant.

As part of her response to the R&R, the plaintiff moves for appointment of counsel. "A plaintiff in a civil suit has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision, [citation omitted], and should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The primary exceptional circumstance arises when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). This case presents a straightforward claim of excessive force allegedly administered in a single incident. There is nothing factually or legally novel or complex presented by this claim. *See, e.g., Dean*, 951 F.2d at 1212, 1216 (claim based on attack by another detainee, with the governmental defendants' liability based on inadequate security and lack of inmate classification, was not so novel or complex as to require counsel).

The plaintiff asserts that she requires legal assistance in order to obtain documents from MPD, presumably including officer reports and internal affairs reports. Her complaint having survived initial review under Section 1915(e)(2)(B), the plaintiff will be able to seek such records through the ordinary avenues of civil discovery, as pro se litigants do routinely.

For the reasons set forth above, the Court declines to accept the R&R that this action be dismissed. The Court concludes that the complaint should be served on the defendants and that the Magistrate Judge should oversee this process.

The plaintiff's motion for appointment of counsel is **denied**.

DONE and ORDERED this 5th day of November, 2012.

                                             s/ WILLIAM H. STEELE
                                             CHIEF UNITED STATES DISTRICT JUDGE