# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SONJA CAFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0400-WS-M |
| | ) |
| MOBILE POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion to dismiss filed by the Mobile Police Department ("MPD"). (Doc. 24). The parties have filed briefs in support of their respective positions, (Docs. 25, 31), and the motion is ripe for resolution.

In a Section 1983 suit such as this one, "'capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (quoting Fed. R. Civ. P. 17(b)).[1] The *Dean* Court noted that "[p]olice departments are not usually considered legal entities subject to suit," *id*., but it cited no case resolving the question under Alabama law. Nor did *Dean* – which involved a sheriff's department, not a police department – resolve the question or purport to do so. Although a number of federal courts cite *Dean* as dispositive, it is not. On the contrary, *Dean* directs the lower courts to look to state law for an answer.

In *Ex parte Dixon*, 55 So. 3d 1171 (Ala. 2010), the plaintiff sued two individual officers and the City of Montgomery Police Department. The City of Montgomery appeared on behalf of the police department, claiming the department was not a legal

---

[1] The current version of Rule 17(b) similarly provides that the capacity to sue or be sued of any party other than a corporation or most individuals "is determined …by the law of the state where the court is located …."

entity capable of being sued. *Id*. at 1172.  The Supreme Court related this procedural history and, without further comment, dropped a footnote quoting a secondary authority for the proposition that "[a]mong subordinate entities [of municipalities] generally lacking the capacity to sue or be sued separately are police departments …." *Id*. at 1172 n.1 (internal quotes omitted).  Because the legal status of a police department was not an issue on appeal, and because the Supreme Court did not decide any such issue but merely quoted a secondary authority without comment, *Dixon* is not dispositive.  MPD concedes as much but asserts that *Dixon* is persuasive.  (Doc. 25 at 5).

The Court concludes that *Dixon*, although not a holding, accurately expresses Alabama law.  The Court notes that the Alabama Supreme Court has expressly held that a sheriff's department "is not a legal entity subject to suit."  *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991); *accord Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993).  *White* cited no authority and provided no analysis, but rather simply announced the conclusion.  *King* merely cited *White*, and *Haralson* merely cited *White* and *King*.  What the Court draws from these cases is that the Alabama Supreme Court deems it obvious that a sheriff's department is not a suable entity.  What the Court thus draws from *Dixon* is that the Supreme Court deems it equally obvious that a municipal police department is not a suable entity.  Based on the limited clues available, the Court concludes that MPD is not a legal entity subject to suit.

Even if state law does not recognize an entity as capable of being sued, "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws …."  Fed. R. Civ. P. 17(b)(3)(A).  But this provision does not extend to "government units, subdivisions or agencies."  *Dean*, 951 F.2d at 1214 n.4.  It therefore cannot be used as a means of suing MPD.

For the reasons set forth above, MPD's motion to dismiss is **granted**. This dismissal is without prejudice to the plaintiff's ability to seek leave to amend her complaint to name a suable entity.

DONE and ORDERED this 12th day of August, 2013.

<pre>                         s/ WILLIAM H. STEELE
                         CHIEF UNITED STATES DISTRICT JUDGE</pre>