```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

SONJA CAFFEY,                         :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :    CIVIL ACTION 12-0400-WS-M
                                      :
CHRIS WILKERSON,                      :
                                      :
    Defendant.                        :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint on June 15, 2012 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(d), and is now before the Court for Plaintiff's failure to comply with the Court's Order.

On November 21, 2012, the waiver of service and summons for Defendant Chris Wilkerson was returned by the Mobile Police Department unexecuted, stating he was no longer with the Police Department (Doc. 21). On August 13, 2013, Plaintiff was ordered to furnish the Court with the current address for Defendant Chris Wilkerson not later than September 3, 2013 (Doc. 37). Plaintiff was warned that her failure to comply with the Order within the prescribed time would result in the dismissal of the claims against Defendant Wilkerson for failure to prosecute and to obey the Court's Order. To date, Plaintiff has not responded

to the Court's Order, nor has her copy of the Court's Order dated April 3, 2013, been returned to the Court as undeliverable.  Chris Wilkinson is the only remaining defendant in this action since Defendant Mobile Police Department was dismissed by Order dated August 12, 2013 (Doc. 36).  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d

1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of September, 2013.

                                        s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE